Mark S. Bostick (Bar No. 111241)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, CA 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928

Attorneys for Trustee
Lois I. Brady

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re<br><br>HARRY FRED KOELLING and LINDA ANN KOELLING,<br><br>Debtors. | Case No. 04-46443 LT<br>Chapter 7<br><br>**TRUSTEE'S AMENDED REPLY TO DEBTORS' OBJECTION TO MOTION FOR ORDER APPROVING COMPROMISE**<br><br>Date: December 22, 2008<br>Time: 10:00 a.m.<br>Place: 1300 Clay Street, Room 201<br>Oakland, California |

For the reasons stated herein, the Koellings' objection to the trustee's proposed compromise with Burlingame Capital Partners II, LP ("Burlingame") lacks merit and should be overruled.

**INTRODUCTION**

The Koellings do not object to the proposed compromise on substantive grounds. They do not dispute that the Employment Agreement was created with intent to hinder, delay or defraud creditors or that the Shareholder Resolution purporting to cancel their $1,500,000 debt to Kids Connection is likely to be avoided as a fraudulent transfer.

They object, instead, on the grounds that the trustee does not own the right to release the

security interests securing the Employment Agreement (the "Security") as required under the proposed compromise because: (1) the severance right under the Employment Agreement is a post-petition asset of the Linda Koelling; (2) her post-petition earnings are secured by the Security; and (3) the Employment Agreement was rejected and all rights under it revested in the debtors.

The debtors' objection fails for three reasons: (1) the Employment Agreement and all of its attendant rights are not dependant upon the performance of future services by Linda Koelling and are property of the estate; (2) the Security, separate and apart from the Employment Agreement, is property of the estate; and (3) no performance by the debtors at the time of filing was or is due under the Employment Agreement and it therefore is not an executory contract.

## SUPPLEMENTAL FACTS

Except to the extent that Facts No. 9 and 12 contain erroneous legal conclusions, Brady agrees with the facts stated by the debtors in their opposition brief, but adds the following:

16. The Accrued Compensation and Postponed Compensation rights to payment provided under Paragraphs 2(b) and (c) of the Employment Agreement, were fully earned as of the Petition Date. The two-year period for Postponed Compensation ran from September 27, 2002 to September 27, 2004.

17. An order disallowing the debtors' claim of exemption in the rights to payment under the Employment Agreement was entered on July 18, 2008 [Doc # 322].

18. Paragraph 8 (b) of the Employment Agreement states: "the Security Interests shall secure the company's obligations under the Employment Agreement including, without limitation, the obligation to pay the Accrued Compensation, the obligation to pay the Postponed Compensation and the obligation to pay Severance.

19. Paragraph 8 (c) of the Employment Agreement states: upon the sale or disposition of any material portion of the collateral … the Company shall (i) pay the Accrued Compensation and the Postponed Compensation, and dedicate the remaining proceeds thereof to the funding of a cash collateral account … in an amount equal to the Severance obligation.

20. Paragraph 9 (b) of the Employment Agreement states: This Agreement and all

rights of Koelling hereunder shall inure to the benefit of, and be enforceable by, Koelling's… successors.

## DISCUSSION

**1. The Employment Agreement is property of the estate: the Severance right was not dependant upon the performance of post-petition services by the debtor.**

When a debtor files bankruptcy, all of her property rights, including her contractual rights, becomes property of her bankruptcy estate. § 541(a)(1). The Employment Agreement consists of three distinct rights to payment: the Accrued Compensation rights for past services, the Postponed Compensation rights for two years of future services, and the right to severance in the event of termination without cause. Contrary to the debtor's contention, the Employment Agreement does not guarantee future employment or future wages to the debtor. Paragraph 2(a) of the Employment Agreement only fixes the amount of salary Linda Koelling would be entitled to for future services: it does not obligate Kids Connection to retain her; it does not, therefore, provide for a right to payment.

The three rights to payment under the Employment Agreement were earned and vested as of the Koellings' bankruptcy filing date, November 16, 2004 (the "Petition Date"). The Accrued Compensation and Postponed Compensation were fully earned. The severance right was also vested, but was contingent upon a future event not taken by Kids Connection: its termination of the debtor without cause.

It is well-established in the Ninth Circuit that contingent contract rights, including contingent severance rights, are property of the estate. *In re Ryerson*, 739 F2d 1423 (9th Cir 1984) {"*Ryerson*"). In *Ryerson*, the court found that the debtor did have a proportionate interest in the severance payment because under the terms of his contract the severance amount was "determined by the number of years of service as District Manager." *Id.* That amount increased based, in part, on his post-petition services. Thus, he had an interest in the severance, but only proportioned to his post-petition service.

The severance right under the Employment Agreement is distinguishable from the

002644.0007\1115408.1

*TRUSTEE'S AMENDED REPLY TO DEBTORS' OBJECTION TO MOTION FOR ORDER APPROVING COMPROMISE*

3

Case: 04-46443    Doc# 389    Filed: 12/19/08    Entered: 12/19/08 16:50:34    Page 3 of 5

severance right in *Ryerson*: the severance right under the Employment Agreement was fixed and was not dependant upon length of service by the debtor. The only contingencies affecting the right were the event and manner of the debtor's termination <u>by Kids Connection</u>: the only conduct affecting the right is the future conduct of Kids Connection.

Therefore, in applying *Ryerson*, the debtor has no interest in the severance right or payment. The entire right is property of the estate subject to administration by the trustee.

### 2. The Security is Property of the Estate subject to the Trustee's Exclusive Control.

The Security contains rights that are independent of the Employment Agreement. Those rights were conveyed to the debtor before bankruptcy and became property of her estate upon filing. Even if the debtor were found to have some right to payment under the Employment Agreement, that right does not extend to rights under the Security. The trustee controls the collateral and the debtor's rights under the Employment Agreement, if any, are subject to that control. The alienability and enforceability of the Security is not dependant upon the performance of post-petition services by the debtor.

Accordingly, the debtors have no interest in the Security. The trustee is free to dispose of the Security under 11 U.S.C. §§ 363 (b) and 554(a).

### 3. The Employment Agreement is not an Executory Contract: no performance on the part of the debtor at the Petition Date was required or due.

Each of the rights to payment under the Employment Agreement were earned and vested as of the Petition Date; no further performance was due from the debtor or the trustee in order to receive the benefits under the agreement: the estate's obligations were fully executed, thus the Employment Agreement was not an executory contract.

Since the Employment Agreement is not an executory contract, the failure to assume it had no effect. All of the rights under the agreement remain property of the estate.

### CONCLUSION

All of the rights to payment under the Employment Agreement were vested as of the Petition Date and were not dependant upon by the trustee or the debtors' future performance.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Accordingly, all of the rights under the Employment Agreement are property of the estate subject to administration by the trustee. The Security consists of rights independent of the Employment Agreement and are not dependant on future services by the debtor. Therefore it is property of the estate subject to administration by the trustee. Finally, because no further performance was required under the Employment Agreement as of the Petition Date, it was not an executory contract and it remains property of the estate.

For these reasons, the debtor's objection lacks merit and should be overruled.

Dated: December 19, 2008　　　　　　　　　　　　WENDEL, ROSEN, BLACK & DEAN LLP

By: */s/Mark Bostick*
　　Mark S. Bostick
　　Attorneys for Trustee
　　Lois I. Brady